NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30243 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00138-RSM-1 |
| v. | |
| OSWALDO GARCIA-LARA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted December 7, 2020**
San Francisco, California

Before: BOGGS,*** M. SMITH, and BENNETT, Circuit Judges.

Oswaldo Garcia-Lara appeals from the district court's order denying his

motion to dismiss the indictment charging him with illegal reentry after

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Garcia-Lara collaterally attacks his removal order supporting the § 1326 charge. He contends that the immigration court lacked jurisdiction over his removal proceedings because the notice to appear ("NTA") failed to include the date, time, and place of his removal hearing. Although the NTA failed to include this information, Garcia-Lara was served with a notice before his hearing that informed him of the date, time, and place of his hearing.

Garcia-Lara concedes that his jurisdictional argument is foreclosed by binding precedent, and we agree. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020) (holding "that an initial NTA need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing"), *cert. denied,* No. 20-53, 2020 WL 6385795 (Nov. 2, 2020).

He also appears to argue that, to the extent 8 U.S.C. § 1229 is ambiguous as to what must be included in an NTA to confer jurisdiction, then we must apply the rule of lenity and find that the statute requires that the time and place be included. Even if the rule of lenity applied, Garcia-Lara's argument is unavailing because it depends on the incorrect assumption that § 1229 defines when jurisdiction vests in the immigration court. In *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019),

we rejected the argument that § 1229 defines when jurisdiction vests in the immigration court.  *Id.* at 1160 ("[T]he regulations, not § 1229(a), define when jurisdiction vests.").

Finally, because Garcia-Lara's arguments challenging his removal order fail, we need not decide whether he needed to exhaust them under § 1326(d)(1).

**AFFIRMED.**